# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**PRESTON H. LANHAM,**
**Claimant Below, Petitioner**

**FILED**

**November 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0538** (BOR Appeal No. 2052308)
                    (Claim No. 2016006956)

**UNITED COAL COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Preston H. Lanham, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. United Coal Company, LLC, by Timothy E. Huffman, its attorney, filed a timely response.

The issue on appeal is medical benefits and temporary total disability benefits. The claims administrator closed the claim for temporary total disability benefits on August 4, 2016. On September 8, 2016, it denied authorization for a lumbar epidural steroid injection. The Office of Judges affirmed the decisions in its October 11, 2017, Order. The Order was affirmed by the Board of Review on May 16, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lanham, a scoop operator, injured his lower back while attempting to push a box with a loader on August 29, 2015. The employees' and physicians' report of injury indicates Mr. Lanham injured his lower back while pushing on a starter box. The physician's section lists the diagnoses as lumbosacral joint sprain, disturbance of skin sensation, low back pain, difficulty walking, and degeneration of lumbar or lumbosacral disc. It also indicates that the injury aggravated preexisting back pain. The claim was held compensable for lumbar strain on September 17, 2015.

1

An MRI of the lumbar spine was performed on October 9, 2015, and showed multilevel degenerative changes. Joseph Grady, M.D., performed an independent medical evaluation on November 16, 2015. He found that Mr. Lanham had not reached maximum medical improvement. He had undergone physical therapy and now requested a spinal injection. Dr. Grady opined that due to the absence of spinal pain or tenderness on examination, spinal injections would likely be unhelpful. He found that Mr. Lanham had no radiculopathy so an epidural injection would likely provide no relief of pain. However, Dr. Grady found that Mr. Lanham reported tenderness on examination of the bilateral sacroiliac joint, and therefore, an injection to that area may improve his symptoms.

On April 12, 2016, Koshy Mathai, M.D., from the Pain Management Clinic, stated that Mr. Lanham reported pain in his lower back, buttocks, groin, and legs. Dr. Mathai read the lumbar MRI and diagnosed low back pain, bilateral lower extremity pain, lumbar disc disease, lumbar stenosis, lumbar facet arthropathy, and chronic pain syndrome. He recommended a lumbar epidural steroid injection.

Scott Rainey, D.O., performed an independent medical evaluation on July 1, 2016, in which he concluded that Mr. Lanham had reached maximum medical improvement. Dr. Rainey found that he had 5% impairment for loss of range of motion but placed Mr. Lanham in Lumbar Category IIA of Table 75 from the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Under West Virginia Code of State Rules §85-20 (2016), he placed Mr. Lanham in Category I and recommended no impairment.

The claims administrator closed the claim for temporary total disability benefits on August 4, 2016. On September 2, 2016, Mr. Lanham was seen by Dr. Mathai who again requested authorization for lumbar epidural steroid injections. The claims administrator denied the request on September 8, 2016. On October 5, 2016, Mr. Lanham was treated by R. Biundo, M.D., who diagnosed degenerative disc disease with ongoing pain. He recommend injections for pain management and function.

Mr. Lanham testified in a deposition on October 6, 2016, that he had no lumbar spine or leg problems prior to the compensable injury. He asserted that this was the first back injury he had experienced. He stated that he continued to work until February 22, 2016, but that his condition steadily worsened. He stated that he was still unable to sit, stand, or bend over for an extended amount of time.

In an October 10, 2016, petition to reopen the claim for temporary total disability, Mr. Lanham alleged an aggravation or progression of his condition and facts not previously considered. The physician's section was completed by Dr. Biundo, who diagnosed lumbar spondylosis without myelopathy or radiculopathy. He stated that Mr. Lanham had been temporarily and totally disabled since February 23, 2016.

An independent medical evaluation was performed by Karl Boone, D.C., on December 1, 2016. Dr. Boone stated that he disagreed with the prior findings that Mr. Lanham had reached

maximum medical improvement. He stated that Mr. Lanham had preexisting degenerative changes; however, he was able to function prior to the work-related injury. Dr. Boone recommended a pain management evaluation and possibly epidural steroid injections. He also recommended an evaluation by Dr. Biundo to create a plan for rehabilitation and physical therapy.

On May 10, 2017, Prasadarao Mukkamala, M.D., performed an independent medical evaluation in which he found that Mr. Lanham had reached maximum medical improvement. He found 6% impairment from range of motion but concluded that no specific spine condition resulted from the compensable injury. Dr. Mukkamala placed Mr. Lanham in Lumbar Category I of West Virginia Code of State Rules §85-20 for an impairment rating of 0%.

The Office of Judges affirmed the claim administrator's decisions closing the claim for temporary total disability benefits and denying authorization of a lumbar epidural steroid injection on October 11, 2017. It found that the October 2015 MRI showed multilevel degenerative changes of the lumbar spine. Dr. Mathai, who recommended epidural steroid injections, diagnosed low back pain, bilateral leg pain, lumbar disc disease, lumbar stenosis, lumbar facet arthropathy, and chronic pain syndrome. Dr. Biundo also recommended epidural steroid injections for his diagnoses of degenerative disc disease with ongoing pain and discomfort. The Office of Judges found that Dr. Biundo suggested that Mr. Lanham's degenerative changes are a result of the compensable injury; however, no attempt was made to add the diagnoses as compensable components of the claim. The only compensable diagnosis in the claim is a lumbar sprain. The Office of Judges also questioned, per Dr. Grady's findings, whether an epidural steroid injection would even benefit Mr. Lanham given that he has no evidence of radiculopathy.

The Office of Judges further found that Mr. Lanham continued working until February 22, 2016, when he was no longer able to continue due to his condition. The Office of Judges therefore questioned whether his inability to continue working was a result of the compensable injury or his preexisting degenerative condition. The Office of Judges concluded that Dr. Biundo's finding that Mr. Lanham was temporarily and totally disabled was due to lumbar spondylosis without myelopathy or radiculopathy, a lower back condition which is not a compensable component of the claim. The Office of Judges also found that the lumbar epidural steroid injections were requested to treat the lumbar spondylosis and was also properly denied. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 16, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. A preponderance of the evidence indicates that Mr. Lanham has reached maximum medical improvement for his compensable lumbar sprain. Temporary total disability benefits were therefore properly suspended. Further, the epidural steroid injection was requested to treat a noncompensable condition and was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** November 2, 2018

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.